**Albert CREWS, Plaintiff,**

v.

**Hiram UNDERCOFLER, Commissioner of Revenue of the State of Georgia, Defendant.**

**Civ. A. No. 9723.**

United States District Court
N. D. Georgia,
Atlanta Division.

Jan. 7, 1966.

Wesley R. Asinof, Atlanta, Ga., for plaintiff.

Arthur K. Bolton, Atty. Gen., William L. Harper, Asst. Atty. Gen., Atlanta, Ga., for defendant.

SIDNEY O. SMITH, Jr., District Judge.

This is a suit in which the plaintiff seeks to enjoin the defendant Commissioner of Revenue of the State of Georgia from denying a State license for the sale of liquor in the Jekyll Island State Park. Plaintiff has received a retail liquor license from the local Glynn County Commissioners of Roads and Revenues, and contends that the refusal of the State Revenue Commissioner to issue a State liquor license for use in the Jekyll Island State Park constitutes a denial under color of State law, statute or regulation of the plaintiff's rights to due process and equal protection of the law. 42 U.S.C.A. § 1983.

Defendant moved to dismiss the complaint on the ground that the State Revenue Commissioner is immune from civil suits in consequence of an act performed by him within the scope of his official authority, Norton v. McShane, 332 F.2d 855, 857 (5th Cir., 1964).

■ To the contrary, State and local licensing authorities are not immune from suit under 42 U.S.C.A. § 1983 where a violation of constitutional rights is alleged. Hornsby v. Allen, 326 F.2d 605, (5th Cir., 1964); Azar v. Allen, 336 F.2d 1022, (5th Cir., 1964); Glicker v. Michigan Liquor Control Commission, 160 F.2d 96, (6th Cir., 1947). Therefore, Defendant's motion to dismiss is denied.

■ Plaintiff correctly proceeds under 42 U.S.C.A. § 1983, and jurisdiction exists under 28 U.S.C.A. § 1343. Hornsby v. Allen, supra.

The defendant further contends that the Jekyll Island State Park Authority, not Glynn County, is the appropriate local authority to grant or refuse to grant a liquor license in the Jekyll Island State Park, that it is the announced policy of the State not to allow the sale or use of liquor in this or any other State Park, and that, therefore, the denial of plaintiff's application on this basis constitutes a valid denial which meets the tests of due process and equal protection of the law.

Both parties have moved for Summary Judgment and the case has been submitted on the following stipulation of facts:

1.

Jekyll Island was acquired by the Georgia State Parks Department in 1947 in a condemnation action.

2.

Jekyll Island was held by the Georgia State Parks Department for a period of approximately three (3) years.

3.

The General Assembly of Georgia passed an Act in 1950 known and cited as the "Jekyll Island State Park Authority Act," said Act being approved on the 13th day of February, 1950, (Ga.Laws 1950, p. 152 et seq.) and the Court may take judicial cognizance of this Act as well as all other laws adopted by the General Assembly of Georgia.

4.

The Authority has adopted rules and regulations governing activity on the Island such as regulations prohibiting au-

tomobiles on the beach and boardwalk areas and regulations concerning zoning and use of property; however, no penalty has been provided for violation of these regulations.

5.

The Authority has never adopted a rule or regulation prohibiting the issuance of liquor licenses or prohibiting the sale or possession thereof.

6.

There are approximately two hundred (200) registered qualified voters residing on Jekyll Island. The registered voters on Jekyll Island are not permitted to participate in the election, appointment or qualification of the trustees provided for in the Jekyll Island State Park Authority Act. The residents of the Island are permitted to vote in elections held in and for Glynn County, Georgia.

7.

Jekyll Island is located in Glynn County, Georgia.

8.

The Superior Court of Glynn County has judicial jurisdiction over offenses committed at Jekyll Island.

9.

Deed and mortgage records of all property located on Jekyll Island are filed for record, if recorded, in the office of the Clerk of the Superior Court of Glynn County.

10.

There are one hundred fifty-nine (159) counties in the State of Georgia, and Glynn County is one of twenty-eight of those counties which has elected to tax and control alcoholic beverages and liquors pursuant to the "Revenue Tax Act to Legalize and Control Alcoholic Beverages and Liquors." (Ga.Laws 1937–38, Extra Sess., p. 103 et seq.)

11.

Qualified electors residing on Jekyll Island were given an opportunity to vote in the referendum held pursuant to the "Revenue Tax Act to Legalize and Control Alcoholic Beverages and Liquors."

12.

The Board of Commissioners of Roads and Revenues of Glynn County constitutes the governing authority of Glynn County.

13.

The Wanderer Motel is located on Jekyll Island.

14.

The lease agreement between Jekyll Island State Park Authority and the Wanderer Motel or Albert Crews contains no provision which would prohibit the sale of alcoholic beverages at said location because of conditions contained in said lease.

15.

There is no statute in the State of Georgia which prohibits the sale of liquor on state-owned property.

16.

No licenses to sell alcoholic beverages have ever been granted by any State Revenue Commissioner at any location on Jekyll Island, Georgia.

17.

The State Revenue Commissioner has issued a retail liquor license to an applicant owning and operating a retail liquor store on state-owned property located in the City of Atlanta on the site of the Henry Grady Hotel, which said Henry Grady Hotel property is owned by the State of Georgia.

18.

There is no statute in Georgia prohibiting the sale or possession of liquor in a State park located in a county which has adopted the provisions of the "Revenue Tax Act to Legalize and Control Alcoholic Beverages and Liquors." The Department of State Parks has adopted and filed with the Secretary of State, pursuant to the Georgia Administrative

Procedure Act, a rule designated Rule 460–05, which reads as follows:

"INTOXICATING BEVERAGES

Drinking within, or bringing alcoholic liquors or beverages into any park area is prohibited."

19.

Exhibit "A", which is attached hereto and made a part of these stipulations, is a true and correct copy of the retail liquor license issued by the Board of Commissioners of Roads and Revenues of Glynn County, Georgia.

20.

The Executive Order of the State Revenue Commissioner denying plaintiff's application for a state liquor license provided as follows:

WHEREAS, an application for a license to engage in the sale of alcoholic beverages at retail has been received by the Department of Revenue, such application having been filed by Albert Crews; and

WHEREAS, the application shows that the business will be conducted at the Wanderer Motel, Beach View Drive, on Jekyll Island, Georgia, if such license is granted; and

WHEREAS, it is an announced policy of this State that no alcoholic beverages may be sold at Jekyll Island for the reason that such activities would be inconsistent with the purposes of the State in developing Jekyll Island into a family vacation area for the citizens from all sections of this State; and

WHEREAS, it appears that to issue such a license would violate the rules of the Department of State Parks, to wit:

"Rule 460–05 INTOXICATING BEVERAGES

Drinking within, or bringing alcoholic liquors or beverages into any park area is prohibited."

WHEREAS, the police powers and other governmental authority, responsibility and duty is vested in the JEKYLL ISLAND STATE PARK AUTHORITY, a body corporate and politic rather than the County of Glynn.

NOW, THEREFORE, the application of Albert Crews to sell alcoholic beverages is denied for the following reasons:

(1) The sale of alcoholic beverages at Jekyll Island is against the announced policy of the State of Georgia;

(2) The sale of alcoholic beverages at Jekyll Island would violate Rule 460–05, promulgated by the Department of State Parks;

(3) The applicant has not been issued a license by the proper local authority, the Jekyll Island State Park Authority;

(4) Glynn County, Georgia, is without authority to license the sale of alcoholic beverages at Jekyll Island, and the license issued by the county is therefore void.

IT IS FURTHER ORDERED that this application for a State Retail Liquor License is denied solely for the reasons stated above and not because of the personal qualifications of the applicant as a proper party and this order would not prohibit the issuance of a State license to the applicant upon presentation of a valid local license for a proper location.

This 7th day of October, 1965.

s/ Hiram K. Undercofler

HIRAM K. UNDERCOFLER
State Revenue Commissioner

■ This Court holds that the State of Georgia has a valid interest in the regulation of the sale and use of alcoholic beverages in public recreation areas operated as State Parks and that the State has effectively applied this rule of public policy in State Park areas so as to meet the tests of due process and equal protection of the law.

Under the law prior to the "Revenue Tax Act to Legalize and Control Alcoholic

Beverages and Liquors", which was passed in the 1937–1938 Extraordinary Session, the sale of alcoholic beverages was unlawful in Georgia. Ga.Code Ann. § 58–10. This Act provides that a county may vote in favor of the sale of such beverages. Ga.Code Ann. § 58–1002 to 58–1010. It also provides as follows:

"§ 58–1012. This Chapter shall be administered by the State Revenue Commissioner.

§ 58–1022. State Revenue Commissioner shall have the following powers and duties:

(e) To fix standards not in conflict with those prescribed by the laws of this State and of the United States.

(h) To adopt and promulgate, repeal and amend such rules, regulations, standards, requirements and orders not inconsistent with this chapter or any law of the State or of the United States as he may deem necessary to control the * * * sale, distribution * * * of distilled spirits and alcohol in accordance with the provisions of this Chapter.

§ 58–1028. Nothing in this Chapter shall be construed as preventing any municipality or county from adopting all reasonable rules and regulations as may fall within the police powers of such municipalities or counties to regulate any business provided for in this Chapter. All municipal and county authorities issuing licenses shall within their respective jurisdiction have authority to determine the location of any * * * retail business licensed by them.

§ 58–1031. No license shall be granted * * * until the applicant has exhibited a license granted by the municipality * * * or by the governing authorities of the county * * * and the local authority issuing this license shall have full authority to pass on the character, reliability, and other qualities of fitness before issuing such license."

This Act provides for liquor licensing at two levels, state and local. The Commissioner is given administrative as well as original licensing power, and the local authorities are given the power to reasonably regulate licensing as to the place and person involved on the basis of their police power.

The Jekyll Island State Park area was condemned and purchased by the State of Georgia in 1947 as the culmination of a long effort to acquire for the public what is considered one of the most naturally beautiful coastal areas of the State. It was held by the State Parks Department for three years, and then put into the hands of a separate Jekyll Island State Park Authority. Ga.Code Ann. § 43–6A. The Jekyll Island State Park Authority Act provides:

"§ 43–606a.—The Authority shall have the power:

* * * * * *

"(o) to do any other things necessary or proper to beautify, improve, and render self-supporting said island park, to make its facilities available to people of average income, and to advertise its beauties to the world."

"§ 43–614a. Police power of Authority; delegation to State and county.—The Authority is empowered to exercise such of the police powers of the State as may be necessary to maintain peace and order and to enforce any and all zoning, user, and personal conduct restrictions upon the properties and facilities and the persons under its jurisdiction to the extent that such is lawful under the laws of the Nation, and the State; however, the authority may delegate all or any part of performance of this function for a time or permanently to the State and/or the county in which the park is located."

█  Unquestionably, the general power to prohibit or regulate the sale of intoxicating liquors rests within the police power of the state. See 48 C.J.S. Intoxicating Liquors § 33a. In Georgia,

except for the provisions of Ga.Code Ann. § 58–10, the sale of liquor is unlawful.

When the State of Georgia acquired the land now known as Jekyll Island State Park, it also acquired all governmental powers, including police power, over that area. It administered this area through the State Parks Authority for three years, and then set up the Jekyll Island Authority to administer and govern this area. All police power was specifically given to the Authority, with an option for it to delegate whatever powers it wanted to the State and/or county. Ga. Code Ann. § 43–614a. Such powers and functions as the operation of courts, voting in elections and the recordation of deeds and mortgages have been delegated to Glynn County, whereas the Authority has exercised regulation of activities more closely related to the recreational purpose of the Park, such as prohibiting vehicles on the beaches and boardwalk areas, zoning and otherwise regulating the use of property.

■ In the opinion of this Court, any specific police power which the Authority has not delegated to the county remains within the general police power granted the Authority, and the power of the local authority to authorize and license the sale of intoxicating liquors is one of these police powers retained exclusively by the Authority.

■■ Although the provisions of the Liquor Act refer only to county or municipal authorities, the setting up of this area as a State Park under the control of a separate authority by a specific legislative act results in the withdrawing of this area from the control of the county or the city within the purview of the Liquor Act. The result is either that liquor cannot be authorized in the Park because the Park Authority is not a county or municipal authority required to license the sale of liquor under the Act before a State License may issue; or that the use of "County or Municipal Authority" in the Act includes the Parks Authority as the effective local authority, and therefore a license by it is required

before a State license will issue. In either case, Glynn County does not have the authority, based on a general police power, to issue a liquor license to be used within the Jekyll Island State Park, and the defendant's refusal to issue the plaintiff a State license was correct. A generally analogous case is found in Collins v. Yosemite Park & Curry Co., 304 U.S. 518, 58 S.Ct. 1009, 82 L.Ed. 1502 (1938), wherein the federal government was held to have the exclusive right to regulate and license intoxicating liquors in federal parks.

■ That the Parks Authority has not issued regulations *against* the sale of liquor, a fact cited by plaintiff, does not affect this result. As has been previously mentioned, Georgia is "dry" unless the appropriate local authority takes a positive action to authorize it. So even if the Park Authority is the appropriate local authority to authorize and license liquor sales, it requires a positive act on its part to do so, and the mere lack of a regulation of the Authority prohibiting liquor carries no more inference of the legality of liquor sales than does the lack of an ordinance prohibiting liquor by a county or municipality in which the sale of liquor has not yet been authorized.

■ This legal result is consistent with the valid interest of the State in regulating the operation of recreational areas for its citizens. It would appear that the prohibition or regulation of intoxicating liquors is a normal and reasonable incident to the operation of a State Park. Georgia's plain policy in this regard is reflected in Rule 460–05 of the Georgia Department of State Parks:

"INTOXICATING BEVERAGES

Drinking within, or bringing alcoholic liquors or beverages into any park area is prohibited."

In addition, it appears that the provisions of the Liquor Act giving the State Revenue Commissioner the general power to promulgate reasonable rules and regulations not inconsistent with other laws would empower the Commissioner,

without more, to prohibit, by refusing to issue State liquor licenses, the sale of liquor in State Park areas owned by the State and operated as public recreational facilities. As stated in the Order of the State Revenue Commissioner refusing plaintiff's license:

> "it is the announced policy of this State that no alcoholic beverages may be sold at Jekyll Island for the reason that such activities would be inconsistent with the purposes of the State in developing Jekyll Island into a family vacation area for citizens from all sections of this State;"

 The plaintiff has cited Hornsby v. Allen, 326 F.2d 605 (5th Cir., 1964) and the cases following it for the proposition that the present refusal of a state license constitutes a violation due process and equal protection of the law. The refusal of a license here clearly meets the tests of due process and equal protection of the laws as laid down in Hornsby, and the facts present in Hornsby differ greatly from the facts present here.

In Hornsby the liquor license was refused "without a reason therefor"; here the State Revenue Commissioner gave the specific reasons for refusing the State license. In fact, he was careful to state that the application was not denied "because of the personal qualifications of the applicant as a proper party."

In Hornsby, no standards were prescribed for refusing or granting applications; here the refusal was on the basis of the announced public policy of the State to prohibit intoxicating liquor on State Park areas. In Hornsby, the liquor licenses were refused to some and granted to others who were substantially equal, except for alleged political influence; here, the valid public policy that all requests for liquor licenses on State Parks, including Jekyll State Park, is applied equally in refusing all applicants, and there is no showing that some are refused and others granted. Thus the evils resulting from the absolute discretion that existed in Hornsby are entirely lacking here.

There seems to be no doubt that the constitutional tests applied to the local licensing authority in Hornsby are applicable also to the State licensing authority. However, the denial of plaintiff's application by the State Revenue Commissioner on the basis of an equally applied public policy and rule that no intoxicating liquor be sold on State Parks, including the Jekyll Island State Park, meets the tests of due process and equal protection.

Therefore, judgment will be entered for Defendant and against Plaintiff.

It is so ordered.